# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00190-CV

### In re Bryan P. Suhre

## ORIGINAL PROCEEDING FROM BELL COUNTY

## M E M O R A N D U M   O P I N I O N

In a petition for writ of mandamus, Bryan P. Suhre alleges that he filed an application for post-conviction writ of habeas corpus in the 264th District Court on August 4, 2009. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2009). He asks the Court to issue a writ of mandamus to compel the district court to act on the habeas corpus application, which he asserts the court has failed to do.

Post-conviction habeas corpus applications pursuant to article 11.07 are returnable to the court of criminal appeals. *Id*. § 3(a). In these cases, the convicting court acts as a fact-finder, and it is the court of criminal appeals that ultimately grants or denies relief. *Id*. § 3(c), (d). This Court has no jurisdiction and plays no role in these proceedings. If Suhre believes that the district court is not carrying out its duties under article 11.07, he should seek mandamus relief in the court of criminal appeals, the court for which the district court acts under the statute.

The petition for writ of mandamus is denied.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Filed:   April 15, 2010